# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br><br> ASHANTI N. DOUGLAS, <br><br> Defendant. | Case No. 14-CR-99-3-JPS <br><br> **ORDER** |

On July 12, 2017, Defendant filed a motion to reduce her sentence. (Docket #343). She asserts that the motion is made pursuant to 18 U.S.C. § 3553 and the Supreme Court's ruling in *Jason Pepper v. United States*, 562 U.S. 476 (2011). *Id.* Defendant's citations are misplaced. *Pepper* holds that when "a defendant's sentence has been set aside on appeal," and the case is remanded to the district court for resentencing, the district court "may consider evidence of the defendant's postsentencing rehabilitation" in its assessment of the Section 3553 sentencing factors. *Pepper*, 562 U.S. at 481. Defendant's sentence was never appealed, much less set aside. Further, 18 U.S.C. § 3582(c) commands that a term of imprisonment, once imposed, cannot be modified except by motion of the Bureau of Prisons or a change in the applicable sentencing guidelines. Neither of those exceptions apply here.[1] Defendant's motion must, therefore, be denied.

---

[1] Confusingly, Defendant also cites the sentencing guidelines provision for acceptance of responsibility as a basis for reducing her sentence. She has already been afforded complete acceptance of responsibility credit, including the optional third point. *See* U.S.S.G. § 3E1.1; (Docket #153 at 11 and Docket #158).

Accordingly,

**IT IS ORDERED** that Defendant's motion for reduction of sentence (Docket #343) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge